FILED
IN OPEN COURT

NOV - 3 2022

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEIRA TA,<br><br>Defendant. | No. 1:22-cr-100 |

## STATEMENT OF FACTS

The United States and the defendant, Keira Ta, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. On or about at least April 11, 2022, in the Eastern District of Virginia, the defendant, Keira Ta, knowingly used intimidation, threatened, and corruptly persuaded another person, or attempted to do so, with the intent to influence, delay, or prevent the testimony of any person in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(1).

2. On April 11, 2022, a jury trial commenced in United States District Court for the Eastern District of Virginia, in Alexandria, Virginia, in the case of *United States v. Peter Le, Joseph Lamborn, Tony Le, and Young Yoo*, 1:19-cr-57 (LO) (the "*Le et al.* Trial"). The allegations in this trial included, *inter alia*, that certain defendants were involved in the murder of an individual who testified as a witness for the Commonwealth of Virginia in a criminal proceeding against a member of a criminal street gang known as the "Reccless Tigers." The defendant knew the nature

of the allegations, including that the trial related, in part, to the murder of an individual who testified against a member of the Reccless Tigers.

3.  Per the Court's instruction and pursuant to a Protective Order restricting the dissemination of information contained therein, on Sunday, April 10, 2022, the United States provided to the defense attorneys in the *Le et al.* Trial a witness list containing the names of the government's witness expected to be called on the first two days of trial.

4.  On April 11, 2022, the *Le et al.* Trial commenced, and a Jury was selected. No witnesses were called to testify on the first day of trial.

5.  At approximately 9:00 p.m. on April 11, 2022, the family of subpoenaed witnesses that were scheduled to testify on April 12, 2022, contacted the Federal Bureau of Investigation (FBI) to report that someone posted a message on Instagram stating "WATCH THE SNITCHES SNITCHING, THIS WEEK TUES - THURS," listing five of the government's witnesses by name and/or known nickname, with each name/nickname immediately followed by "SNITCH", and also listing the address of the United States District Court for the Eastern District of Virginia.

6.  The Instagram post was brought to the attention of the FBI out of concern for the safety of those government witnesses that were scheduled to testify as witnesses at trial beginning the next day.

7.  On the morning of April 12, 2022, the family notified the FBI that the Instagram post had been shared in modified form by another Instagram user. During the late evening of April 11, 2022, or the early morning of April 12, 2022, another Instagram user shared the post detailed in paragraph 5 and modified it to include the phrase "Go watch the homies trial tomorrow," and the hashtag "#freethehomies."

8. Business records obtained from Instagram indicate that the account that posted the message referenced in paragraph 5 was registered on or about January 22, 2022, to "Keira Ta", and that phone number (XXX) XXX-5998 was used to register the account.

9. The investigation further revealed that on or about April 11, 2022, at approximately 8:34 p.m., Tony Le, a defendant in the *Le et al.* Trial, called the defendant from the Alexandria Adult Detention Center. Tony Le utilized the Alexandria Adult Detention Center inmate telephone account of his co-defendant, Joseph Lamborn, to contact the defendant. Records from the Alexandria Adult Detention Center indicate that Tony Le called (XXX) XXX-5998, the same phone number used to register the defendant's Instagram account. The call was between Tony Le and the defendant, and it lasted approximately 23 minutes.

10. During the call, Tony Le discussed with the defendant creating the Instagram post, as follows:

> Ta: Yeah. What the heck! Oh, yeah! I just-like-I don't know-it was funny, because I just posted you guys on...
> Le: I'll bet! Yeah, put our date-like-when we're going to trial-like-uh-9:00 AM. So, 9:00 AM

11. Later on in the conversation, Le provided further direction concerning the Instagram post to the defendant:

> Le: Yeah. No, send it to people so they can watch-uh-this le-uh-send it to the-all [WITNESS 1's] people-like friends, or whoever he knows-and they-so they can watch him.
> Ta: No. They just cut-it just got cut off
> Le: Oh. I said, put it on, and if they-[WITNESS 1's] if he-while he's going up tomor-uh-the next-this week, so the-F [PH] can know how to see it.
> Ta: [laughs]
> Le: Yeah.
> Ta: Oh, shit! Yeah, yeah! [laughs]
> Le: -and then just put a-
> Ta: Okay.
> Le: a-am-for-uh-and then put address and everyday I'm going to tell you the new people that comes up. Some dude named [WITNESS 4], or whatever-

3

|     |     |
| --- | --- |
|     | [WITNESS 4] and [WITNESS 3] and-like-some dude, [WITNESS 5] and-I don't know-a few I don't really know and shit! |
| Ta: | They're coming up, too? |
| Le: | Yeah, they're coming up, too. That's what-they're-they're-they're giving us the-the list of-uh-witnesses for the-uh-uh-the next- |
| Ta: | [WITNESS 3], [WITNESS 4]. |

12. Later in the call, Tony Le and the defendant further discussed what to include in the Instagram post:

|     |     |
| --- | --- |
| Le: | It's I-M-uh-I don't know. It would-it w-i-uh-and I think you can guess that it's a Y-G's friend. |
| Ta: | Oh-um-mm. |
| Le: | Yeah. |
| Ta: | Right. I got to write this down! |
| Le: | Yeah. |
| Ta: | [pause] [laughs] |
| Le: | Yeah, and then they put my address and-uh-they...Be-like-be-like-just put Tuesday to-Tuesday to Thursday. That's it because on-Fri-this Friday, they don't have court. So, this is the only Friday that's not-uh-they're not going to have a trial date on, so it's Tuesday to-um-Tuesday to Thursday, 9:00 AM to 5:00 PM. Come through-if you-like-come through to see those people on the stand. |
| Ta: | [sneezes] Q-T [PH] [UI] –[WITNESS 2], he's [UI] [laughs] ... |
| Le: | [UI] This nigger [WITNESS 2] is wild as shit! Like-this nigger just-fucking-they ran him as fucking shit about me that-that isn't even-like-it's not even true and like that. Or he psyched the shit out of- |
| Ta: | Yeah. |
| Le: - | I don't know. Uh, yeah, this nigger wild out [PH]. I haven't even seen this nigger for years and Jay [PH]-he would say random shit about me. He's a straight bitch. Fucking- |

13. Later, the defendant provided more detail about the Instagram post she was drafting while on the phone call:

|     |     |
| --- | --- |
| Ta: | [laughs] After I watch the snitches snitching this week, Tuesday to Thursday! [laughs] |
| Le: | Get Adam [PH]! Oh, tag them. Tag it to Instagram and see with- |

14. Le then provided additional direction to the defendant on what to include in the Instagram post:

4

    Le:    Yeah. And then put the address of the place. I don't want them to come that shit. It's going to be-it's going to be cool. It's going to be-uh-pretty fu- it's-it's pretty-um-I think it-uh-I want to see everyone who was there. We was nervous today, but I think we're getting the hang of it, though. Yeah.

15. Later, the defendant read to Le the Instagram post she had publicly posted while on the phone with Le:

    Ta:    [laughs] I just posted on my [UI] -like-"Watch the snitchers snitching this week, Tuesday to Thursday, at [laughs] the courthouse in Alexandria! [WITNESS 1], aka Fresh Snitch; [laughs] Tourette's [PH] [WITNESS 2] snitch; [WITNESS 3] snitch; [WITNESS 4] snitch; and [WITNESS 5] snitch.
    Le:    Yeah.
    Ta:    [laughs]
    Le:    [laughs]
    Ta:    [laughs] It sounds like a TV - Like- show schedule.

16. In posting the Instagram story referenced in paragraph 5, the defendant knowingly used intimidation, threatened, and corruptly persuaded another person, or attempted to do so, with the intent to influence, delay, or prevent the testimony of persons in an official proceeding.

17. On April 12, 2022, the defendant came to the United States District Court for the Eastern District of Virginia for the purpose of attending the *Le et al.* Trial. At approximately 11:00 a.m., the defendant was arrested by FBI agents just outside of the Courtroom where the *Le et al.* Trial was being held.

18. On April 15, 2022, the Honorable Ivan D. Davis issued a search warrant for a 2019 Honda Pilot. That search warrant included search and/or forensic analysis of electronic devices located within the vehicle.

19. On April 18, 2022, FBI Agents executed the search warrant referenced in paragraph 15, above. As a result of the search of the 2019 Honda Pilot, Agents located an Apple iPhone mobile telephone bearing the Device Name "Keira's iPhone," and associated with the (XXX) XXX-5988 phone number.

20. A search of the phone pursuant to the search warrant further revealed the following:

   a. Images of the Instagram posts referenced in paragraph 5.

   b. Discussions with several individuals over text and Instagram messages regarding the upcoming *Le et al.* Trial.

   c. On the morning of April 11, 2022, before the defendant made the Instagram story referenced in paragraph 5, the defendant exchanged Instagram messages with another individual in which she stated, "Tomorrow is just when it starts", the Instagram user replied, "ahhh that's true, I don't wanna show my face in court tho." And "The first time I got locked up, they saw my tattoo". The defendant then responded, "i understand I'm just informing everyone", "Yeah I don't think anyone's going except me", and "I was just told to tell everyone".

   d. On April 11, 2022, before the defendant made the Instagram story referenced in paragraph 5, the defendant received a message requesting that the defendant update her on the trial, noting "I'm sure u gon see some mfs going in there to testify." The defendant responded "That's exactly what I'm trying to see", to which the sender replied, "Ya just don't talk shit to them or nothing I know someone who just got 7 years for writing a letter to a rat and shit talking them", "Hit me when u get out that joint".

   e. On the morning of April 12, 2022, after the defendant's post referenced in paragraph 5, the defendant sent a message to an unidentified individual which read "6 people are snitching this week". That individual responded, "Gah damn against tony", the defendant responded, "5 and sos already took a plea", and "So theres 5 of them at trial".

f. On April 12, 2022, after the defendant's arrest, the defendant's phone—which was no longer in her possession—received a message attempting to advise her that communication between the defendants in the *Le et al* Trial were blocked during the trial due to the defendant's Instagram post.

21. The defendant knew, or it was reasonably foreseeable to her that as a result of her Instagram story referenced in Paragraph 5, additional members of the Reccless Tigers criminal organization would learn of government witness identities and would take additional acts to threaten and/or intimidate government witnesses in the *Le et al* Trial.

22. The defendant knew of the use of violence and firearms by members of the Reccless Tigers Criminal organization. For example, Reccless Tigers gang members engaged in a fight involving multiple gang members while at the defendant's birthday party that led to the discharge of a firearm by a gang member at the defendant's place of employment, a public bar located in the Eastern District of Virginia.

23. The defendant further knew that Tony Le was a leader within the Reccless Tigers criminal organization, and that he and other Reccless Tigers members used violence and firearms in furtherance of the gang's activities.

24. Multiple witnesses named in the defendant's Instagram story referenced in paragraph 5 were, in fact, intimidated and threatened by the defendant's Instagram post. For example, at least two witnesses, including WITNESS 1, refused to identify Tony Le while testifying in open court during the *Le et al.* Trial, as a result of the defendant's Instagram post. WITNESS-1 refused to identify Tony Le altogether, while another witness would only identify Tony Le via photograph.

25. In addition, the defendant's actions substantially interfered with the administration of justice during the *Le et al* Trial, including by causing the unnecessary expenditure of substantial governmental and Court resources. For example, the Court delayed any witness testimony for one calendar day following the defendant's post. In addition, law enforcement expended serious resources in investigating the threat and taking additional measures to ensure the safety of witnesses throughout the *Le et al.* Trial.

26. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

27. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

28. If the defendant breaches the plea agreement, then pursuant to the plea agreement, she waives any rights under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Heather D. Call
Ryan B. Bredemeier
Assistant United States Attorneys

**Defendant's signature**: After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Keira Ta, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: 10/25/22

Keira Ta
Defendant

**Defense counsel signature**: I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 10-25-2022

Aaron Book, Esq.
Counsel for the Defendant

1.