IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Case No.: 1:22-cr-100 (MSN) |
| | ) |
| KEIRA TA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT KEIRA TA'S**
**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Defendant Keira Ta, by counsel and pursuant to Local Criminal Rule 49(E), submits the following grounds for her motion to seal.

1. Items to be sealed: The item requested to be sealed is a sentencing memorandum containing non-public, confidential, information regarding Ms. Ta that relates to the portion of her plea agreement and plea hearing that previously were sealed by the Court. In addition, the memorandum contains non-public, confidential, personal information regarding Ms. Ta's mental health.

2. The reasons why sealing is necessary and why another procedure will not suffice: Sealing is necessary to protect non-public, confidential, personal information regarding a portion of her plea and plea hearing that previously were sealed by the Court as well as non-public, confidential, personal information regarding Ms. Ta's mental health. Psychological and medical information falls within the type of material which an individual is ordinarily entitled to privacy protection. *See United States v. Westinghouse Electric Corporation*, 638 F.2d 570, 577 (3d Cir. 1980). Other than disclosing such information in a public filing, there is no other procedure available to present this information to the Court and to keep it confidential.

3. References to governing case law: The Fourth Circuit has identified the steps a district court must take before sealing a document: "it must (1) give public notice of the request

to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted). Further, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

4. Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing:  Permanent sealing is sought for this confidential information.

KEIRA TA
By Counsel

/s/ *Aaron S. Book*
Aaron S. Book (VSB No. 43868)
Webster Book LLP
abook@websterbook.com
300 N. Washington St., Suite 404
Alexandria, VA 22314
Phone and Fax: 888-987-9991
Cell:  202-281-4890

CERTIFICATE OF SERVICE

I certify that on February 10, 2022, I will file the foregoing with the Clerk of Court, who will then send a notice of electronic filing (NEF) to all counsel of record in this case.

/s/ *Aaron S. Book*
Aaron S. Book